# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER CARTER, | Case No. CV 16-07231 SJO (AFM) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| JOHN CHANG, et al., | |
| Respondents. | |

On September 7, 2016, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254). Petitioner currently is on probation for her convictions of offering to sell a controlled substance and possession for sale of a controlled substance. For the following reasons, petitioner is ordered to show cause why the Petition should not be dismissed as untimely.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). *See Calderon v. United States District Court for the Central District of California (Beeler)*, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997). 28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that the California Court of Appeal affirmed petitioner's judgment of conviction on November 4, 2014.  Under the California Rules of Court, petitioner's deadline to file a Petition for Review in the California Supreme Court was 40 days later.  *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).  Petitioner failed to do so.  Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was December 14, 2014.  *See* 28 U.S.C. § 2244(d)(1)(A).

It does not appear that a later start date is warranted because of an unconstitutional state action, a newly-recognized constitutional right, or later

discovery of the factual predicate of his claim. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). For example, petitioner would not be entitled to a later start date under § 2244(d)(1)(D) because the underlying facts of her claims would have been known to her at the time of her trial. It makes no difference that petitioner may not have learned the legal significance of those facts until later. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (for purposes of a delayed limitation start date under § 2244(d)(1)(D), "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered") (citing *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)).

Accordingly, petitioner's starting date was December 14, 2014, and her deadline to file a habeas petition in this Court was one year later, on December 14, 2015. None of the habeas petitions that petitioner subsequently filed in the California courts (in January 2016, May 2016, and August 2016) could reinitiate the limitation period. Contrary to petitioner's contention, she would not be entitled to statutory tolling for any of these state habeas petitions. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely under state law); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Wixom v. Washington*, 264 F.3d 894, 898-99 (9th Cir. 2001). Her federal habeas petition, which was constructively filed on September 7, 2016, is therefore facially untimely by almost nine months.

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) she has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in her way and prevented her timely filing. *See Holland*, 560 U.S. at 629 (*quoting Pace*, 544 U.S. at 418). The Ninth

1  Circuit has held that the *Pace* standard is consistent with the Ninth Circuit's
2  "sparing application of the doctrine of equitable tolling." *See Waldron-Ramsey v.*
3  *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show
4  that 'the extraordinary circumstances were the cause of his untimeliness and that
5  the extraordinary circumstances made it impossible to file a petition on time.'"
6  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (*quoting Ramirez v. Yates*, 571
7  F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable
8  tolling [under AEDPA] is very high, lest the exceptions swallow the rule."
9  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Consequently, as the
10 Ninth Circuit has recognized, equitable tolling will be justified in few cases. *See*
11 *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Waldron-Ramsey*,
12 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances'
13 necessarily suggests the doctrine's rarity, and the requirement that extraordinary
14 circumstances 'stood in his way' suggests that an external force must cause the
15 untimeliness, rather than, as we have said, merely 'oversight, miscalculation or
16 negligence on [the petitioner's] part, all of which would preclude the application of
17 equitable tolling.'").

18  Here, it does not appear from the face of the Petition or the attachments that
19 petitioner has any basis for equitable tolling of the limitation period. Specifically,
20 petitioner cannot show entitlement to equitable tolling merely because her appellate
21 counsel filed a *Wende* brief and failed to file a Petition for Review in the California
22 Supreme Court. *See Perea v. Montgomery*, 2015 WL 3882803, at *4 (C.D. Cal.
23 June 23, 2015) (equitable tolling was not warranted where petitioner's appellate
24 counsel had filed a *Wende* brief); *Carillo v. Soto*, 2014 WL 6389369, at *6 (C.D.
25 Cal. Nov. 14, 2014) (same); *Venable v. Small*, 2009 WL 3233910, at *7-*8 (C.D.
26 Cal. Sept. 30, 2009) (same where petitioner's appellate counsel had filed a *Wende*
27 brief and had not filed a Petition for Review).

28

Moreover, as a general matter, neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Gazzeny v. Yates*, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); *Singletary v. Newland*, 2001 WL 1220738, at *2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient basis for equitable tolling."); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling).

Nor does it appear that petitioner was pursuing her rights diligently so as to warrant application of equitable tolling, particularly because she was not incarcerated during the limitation period.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." *See Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, **on or before October 28, 2016**, petitioner show cause in writing, if any she has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

Instead of filing a response to the instant Order, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for petitioner's convenience.

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for her failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon petitioner at her address of record.

DATED: 9/28/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-09